# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-754

**HARRY REIN, J.D. M.D.**

**VERSUS**

**LUKE EDWARDS, LLC**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20036313
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**MARC T. AMY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Marc T. Amy, Michael G. Sullivan, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**W. Paul Hawley**
**The Glenn Armentor Law Corporation**
**300 Stewart Street**
**Lafayette, LA 70501**
**(337) 233-1471**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Harry Rein, J.D. M.D.**

**Luke Edwards**
**Post Office Box 3483**
**Lafayette, LA 70502**
**(337) 233-9995**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Luke Edwards, LLC**

AMY, Judge.

The plaintiff filed suit, seeking legal fees he asserted were due on an open account. The defendant filed an exception of res judicata and asserted that the fee dispute had been resolved through a compromise agreement. The trial court granted the exception. The plaintiff appeals. For the following reasons, we affirm.

**Factual and Procedural Background**

The plaintiff, Harry Rein, filed suit against the defendant, Luke Edwards, LLC, alleging that the latter attorney owed him $66,660.00 in attorney's fees for work performed on a medical malpractice case prosecuted by Mr. Edwards, *Comb v. American Medical Group*. Mr. Rein asserts that $10,000.00 of the fee was paid, leaving a balance of $56,660.00. The petition asked that the trial court enter judgment for the unpaid attorney's fees, legal interest, and attorney's fees for pursuit of the matter.

The defendant filed an exception of res judicata, asserting that the plaintiff had previously worked with him on three cases, including the *Comb* matter. The defendant explained that a settlement was reached in *Comb*, rendering $166,000.00 in attorney's fees. According to the defendant, "[i]t was disputed that Plaintiff was entitled to any attorney's fees considering his participation, or lack thereof, as expected in the three (3) cases[.]" The defendant stated that he offered to settle the issue of disputed attorney's fees for a total of $10,000.00. He asserts that the offer was accepted. In support of his argument, the defendant entered into evidence a letter authored by him and addressed to the plaintiff and a copy of a negotiated check representing the alleged settlement payment. Thus, according to the defendant, any dispute for attorney's fees in the *Comb* matter is res judicata due to this compromise of the controversy.

The trial court granted the exception and sustained the defendant's objection to various exhibits offered by the plaintiff. The plaintiff's claim was dismissed. He appeals and assigns the following as error:

(1)     The Trial Judge improperly excluded evidence absolutely crucial to the case of the Plaintiff in connection with the Exception of Res Judicata of the Defendant. Said ruling effectively precluded the Plaintiff from making out his case or even having a complete record to rely on.

(2)     The Exception of Res Judicata was improperly granted as the debt owed the Plaintiff by the Defendant was fixed by written contract and was earned at the time of the actual settlement of the case of Comb, et al v. American Medical Group, et al, in which case the Defendant had associated the Plaintiff, hence the debt was liquidated prior to the Defendant declaring that there was a dispute and the assertions of the Defendant that he was forgiving a debt of the Plaintiff as part of the consideration are not accurate.

**Discussion**

The plaintiff's argument is twofold. First, he argues that the trial court erred in excluding evidence beyond the correspondence and negotiated check that were offered into evidence in support of the transaction and compromise argument. He contends that such an exclusion prevented him from fully presenting his defense to the exception. Next, the plaintiff argues that if this evidence had been admitted, it would reveal that the defendant's basis for his refusal to pay the fee claimed was without merit.

*Res Judicata*

We first address the merits of the plaintiff's contention that the res judicata exception was improperly granted. Louisiana Civil Code Article 3071, in pertinent part, defines a transaction or compromise as:

[A]n agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent,

in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.

This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding.

Thus, Article 3071 requires the presence of two elements for a valid compromise: "(1) mutual intention of preventing or putting an end to the litigation, and (2) reciprocal concessions of the parties to adjust their differences." *Trahan v. Coca Cola Bottling Co. United, Inc.*, 04-0100, p. 10 (La. 3/2/05), 894 So.2d 1096, 1104.[1]

Reference to the documents constituting the alleged compromise indicates that the requirements of La.Civ.Code art. 3071 are fulfilled. First, a letter from the defendant to the plaintiff, dated March 24, 2003, sets forth the defendant's offer of compromise and states:

Dear Harry:

As you may or may not know, in Louisiana, regardless of what an attorney's contract is, he can receive no fee which does not correlate with his level of participation, in a particular case. I discharged you in this case, for what I believe to be cause which would result in your fee being valued per quantum mer[u]it.

There is no graceful way to say this, but I do not believe that you earned $67,000.00 in this case. Rather than going into merits [sic] of my opinion, I will again suggest that you accept a lesser fee. The alternative is very easy in and that we can have the presiding judge tell us exactly what is owed each. If you would prefer to do it this way, please simply let me know and we can go forward. Alternatively, I am enclosing for you a check in the amount of $10,000.00, which I am offering to resolve this claim.

_____

[1] Also relevant to this proceeding is La.Civ.Code art. 3078, which provides that "[t]ransactions have, between the interested parties, a force equal to the authority of things adjudged." Thus, "a valid compromise may form the basis of a plea of res judicata." *Rivett v. State Farm Fire Cas. Co.*, 508 So.2d 1356, 1359 (La.1987).

3

I wanted to point out to you that from the beginning advised [sic] me that your customary fee for participating in a case was 40%. I have been made [sic] you aware of the contracts which belie this assertion.

Further, the total expenses lost in the Wansley trial was approximately $40,000.00. I sent you a demand for an amount significantly less than 40% of the loss in that case. You have chosen not to reimburse me.

Finally, it is and always was my understanding that your participation in this case was tied to your participation in both the Beller and Wansely case.

In any event, please either accept this check, as payment in full of everything that you might be owed by me, and I will also forgive your percentage of the loss in the Wansley case. Alternatively, please let me know that this is not acceptable and we will proceed accordingly.

This letter clearly sets forth the offer of compromise and demonstrates that the parties will be making reciprocal concessions in order to adjust the stated differences. As will be seen in the discussion below, the accuracy of the statements regarding the stated difference is irrelevant in consideration of whether a compromise exists.

Also entered into evidence is a check constituting the remaining crucial element of the compromise, i.e., mutual intention of terminating the dispute. The negotiated $10,000.00 check, written from a "Luke Edwards, LLC" account bears the notation "Lilly Comb - full & final payment." The back of the check bears the endorsement "Harry Rein JD MD." This check, which includes both a notation of full and final payment and the plaintiff's endorsement, along with payment of the offer initially set forth in Mr. Edwards' March 24th letter, demonstrates that the intention to terminate the difference was mutual. *See Felder v. Ga. Pac. Corp.,* 405 So.2d 521 (La.1981) (wherein the supreme court found that a written and signed draft containing a notation of full release of all claims constituted a written acceptance of a settlement offer).

4

Our review of the record reveals support for a determination that the requirements of La.Civ.Code art. 3071 were satisfied. Accordingly, we find no error in the trial court's granting of the exception of res judicata. This assignment lacks merit.

*Exclusion of Evidence*

The plaintiff also questions the trial court's exclusion of evidence he contends was crucial to his case. The plaintiff's arguments in this regard challenge the veracity of the assertions made in the March 24th letter. We point out that, in *Trahan*, 894 So.2d 1096, the Louisiana Supreme Court explained that the parties' intent in confecting a compromise is typically determined from the four corners of the document. Extrinsic evidence may not be admitted to explain or to contradict the terms of the document. *Id.* Rather, in the face of a dispute as to the scope of a compromise, "extrinsic evidence can be considered to determine exactly what differences the parties intended to settle, but absent some substantiating evidence of mistaken intent, no reason exists to look beyond the four corners of the instrument to ascertain the parties' intent." *Id.* at 1107. Having reviewed the plaintiff's argument in support of his attempt to introduce the evidence which was ultimately proffered, we find no error in the trial court's determination to exclude the exhibits. The evidence was an attempt to explain or contradict the terms of the March 24th letter and, according to *Trahan*, impermissible. Accordingly, the plaintiff's argument in this regard lacks merit.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this proceeding are assessed to the appellant, Harry Rein, J.D. M.D.

**AFFIRMED.**